UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RON BLANCHETTE,

        Plaintiff,

  v.    Case No.    06-C-449, 06-C-450,
                                            06-C-451, 06-C-452

CROSS COUNTY BANK, et al.,

        Defendants.

**ORDER**

Plaintiff Ron Blanchette filed four cases in this court, each accompanied by a motion for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2). An action is considered frivolous if there is no arguable basis for relief either in law or fact. *Neitzke*, 490 U.S. at 325.

Plaintiff has filed the required affidavit of indigence. Review of that affidavit reveals that Plaintiff is presently employed, earning $2000 per month. He also owns a home. Based on Plaintiff's affidavit of indigence, the Court is not satisfied that he meets the poverty requirements of 28 U.S.C. § 1915. Indeed, the plaintiff's financial situation appears similar to the vast majority of Americans. Accordingly, the motions to proceed without prepayment will be denied.

Plaintiff has also filed a cursory request that counsel be appointed to represent him in this matter. This request will also be denied. First, given my conclusion that the plaintiff is not indigent, such an appointment would be unwarranted. Even were the plaintiff indigent, however, indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). Although the court has the power to request an attorney to represent an indigent litigant, 28 U.S.C. § 1915(e)(1), the decision is a discretionary one. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. *Id.* at 1072-73. Once the plaintiff has established that his reasonable efforts to obtain counsel were unsuccessful I may consider a nonexhaustive list of five factors:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

*Id.* at 1072.

Plaintiff does not indicate that he contacted any attorneys and was unsuccessful in obtaining representation. Moreover, it is doubtful that the merits of the plaintiff's cases are particularly complex: all of them involve what the plaintiff alleges are unfair debt collection or money lending practices. It is rare enough that counsel is appointed in a civil case, but even rarer is the case in which counsel is appointed when the legal dispute is largely a monetary one.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for leave to proceed *in forma pauperis* are hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's requests for the appointment of counsel are **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff must submit the full filing fee in each of his cases within 21 days or the cases will be dismissed.

Dated this 12th day of April, 2006.

          /s William C. Griesbach
William C. Griesbach
United States District Judge