UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RON BLANCHETTE,

        Plaintiff,

  v.                                          Case No. 06-C-449, 450, 451

CROSS COUNTRY BANK, et al.,

        Defendants.

**ORDER**

Plaintiff Blanchette has brought four cases alleging Fair Debt Collection Practices Act violations by Cross Country Bank and various individuals and law firms working on the bank's behalf. Only the three above-captioned cases are at issue presently. Defendant Cross Country Bank has moved to dismiss this litigation in light of an agreement to arbitrate any disputes between the parties.[1]

The arbitration clause at issue is contained within the bank's credit card agreement. (Cuoco Aff.) A very similar clause has been recognized by another court as being "broad," and that conclusion is not debatable. *Berkery v. Cross Country Bank,* 256 F. Supp.2d 359, 366 (E. D. Pa. 2003). The clause gives either party the right to elect to arbitrate any "claim," which includes any dispute related in any way to the cardholder's relationship with the bank. (Cuoco Aff. at 8.) The clause applies not just to the bank, but also to anyone else who is sued in an action involving a

---

[1] Strictly speaking, the motion is properly construed as a motion to compel arbitration.

"claim" against the bank. Plaintiff does not dispute that the claims he now raises are related to his relationship with the defendant; instead, he merely asserts that the defendant's contentions are without merit. Because the arbitration provision clearly encompasses the instant dispute between the plaintiff and defendant Cross Country Bank, it will be enforced and the claims against that defendant will be dismissed.

The plaintiff has also sued various other defendants. As to defendant Jason Underwood (Case No. 06-C-449), plaintiff has conceded that service of process has failed due to the fact that Underwood was either not an employee of Cross Country Bank or was (in plaintiff's view) simply an alias. In Case No. 06-C-450, there is no indication that defendant "FJ Borzio" has been served. As the 120 days for service has expired, any claims against this defendant will be dismissed without prejudice. In Case No. 06-C-451, defendant Anderson Brody Levinson Weiser & Horowitz PC has filed a motion to dismiss for lack of personal jurisdiction. It asserts that its only contacts with the plaintiff occurred while he was a resident of the State of Arizona. Plaintiff has not specifically responded to these contentions. As such, he has not even made a *prima facie* effort to demonstrate that this court has personal jurisdiction over the defendant. *Logan Productions, Inc. v. Optibase, Inc.,* 103 F.3d 49, 52 (7th Cir. 1996). There is thus no evidence showing that the defendant ever purposefully availed itself of the privilege of doing business in Wisconsin. *Id.* Accordingly, claims against this defendant are also dismissed.

Finally, plaintiff has filed various motions for extensions of time or to amend his complaints to add claims involving vicarious liability of various defendants. These motions present no basis for additional relief and are therefore denied.

2

Case 1:06-cv-00449-WCG   Filed 10/13/06   Page 2 of 3   Document 34

In sum, all claims against all defendants in Case Nos. 06-C-449, 06-C-450 and 06-C-451 are **DISMISSED** with prejudice, except any claim brought against defendant "FJ Borzio," which is dismissed without prejudice.

All claims alleged or that could have been alleged in the complaints filed against defendant Cross Country Bank are to be arbitrated pursuant to the rules of the National Arbitration Forum pursuant to the Account Holder Agreement between the parties.

**IT IS SO ORDERED** this   12th   day of October, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge